USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3 17 09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YSABEL TAMARES,

              Plaintiff,

    - against -

UNITED STATES OF AMERICA AND
UNITED STATES POSTAL SERVICE,

              Defendants.

**OPINION AND ORDER**

07 Civ. 0688 (PKL)

**APPEARANCES**

DELLA MURA & CIACCI, LLP
Walter F. Ciaccia, Esq.
977B Allerton Avenue
Bronx, New York  10469
**Attorneys for Plaintiff**

MICHAEL J. GARCIA
UNITED STATES ATTORNEY FOR THE
SOUTHERN DISTRICT OF NEW YORK
Robert William Yalen, Esq.
86 Chambers Street, 3rd Floor
New York, New York  10007
**Attorneys for Defendants**

**LEISURE, District Judge:**

Plaintiff Ysabel Tamares ("Tamares") brings this action against the United States of America and the United States Postal Service ("USPS")[1] pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, for damages arising out of a collision with a USPS truck.  Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Defendants argue that sovereign immunity bars plaintiff's suit because (i) plaintiff failed to submit a proper administrative claim, and (ii) the materials submitted by plaintiff's insurer to support its own administrative claim did not remedy her deficiency.  For the reasons stated below, defendants' motion is GRANTED.

## BACKGROUND

On November 18, 2005, plaintiff's vehicle collided with a USPS truck. (Compl. ¶ 13.)  Plaintiff filed an administrative claim with USPS in February of 2006 by filling out a Standard Form 95 ("SF 95"). (James Suppl. Decl. Ex. 1.)[2]  In her SF 95, plaintiff described how and where the accident occurred, and claimed $7,500 in property damages, the approximate value of her car. (Id.)  Plaintiff also requested $250,000 for

---

[1] Although Tamares named both the United States and USPS as defendants, "[t]he FTCA expressly provides that only the United States may be held liable for torts committed by a federal agency, and not the agency itself." C.P. Chem. Co. v. United States, 810 F.2d 34, 37 n.1 (2d Cir. 1987) (citing 28 U.S.C. § 2679(a)).  Because USPS qualifies as a "federal agency" under 28 U.S.C. § 2671, the United States is the only proper defendant in this matter and all claims against USPS are dismissed. See, e.g., Narvaez v. United States, No. 05 CV 2240, 2007 U.S. Dist. LEXIS 4113, at *1 n.1 (E.D.N.Y. Jan. 18, 2007) (dismissing claims against USPS).  Thus, the Court's Opinion and Order addresses plaintiff's claims brought against the United States as the sole remaining defendant in this action.

[2] Citations to "James Suppl.. Decl." refer to the Supplemental Declaration of Stuart James, sworn to on November 20, 2007.  Citations to "James Decl." refer to the Declaration of Stuart James, sworn to on September 14, 2007.  Citations to "Defs.' Mem. Law" and "Defs.' Reply" refer respectively to defendants' Memorandum of Law in Support of Defendants' Motion To Dismiss and Reply Memorandum of Law in Further Support of Defendants' Motion To Dismiss.  Citations to "Ciacci Decl." refer to the Declaration of Walter F. Ciaccia, sworn to on October 9, 2007, submitted as plaintiff's opposition to defendants' motion to dismiss.

personal injuries, claiming that she sustained injury to her head, neck, and back, for which she continued to receive medical treatment. (Id.) Plaintiff attached to her SF 95 a copy of the police report of the accident, which included plaintiff's statements to the responding officers regarding the accident. (Id.) The police report also noted that plaintiff was taken to the hospital complaining of neck and back pain, and indicated damages to the rear bumper and trunk of plaintiff's car. (Id.)

By letters dated April 5, 2006 and June 16, 2006, USPS requested supplemental documentation to support Tamares's administrative claim. (James Decl. Exs. C, E.) Specifically, these letters advised plaintiff that before her personal injury claim could be considered for adjudication, she must submit "a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis and the period of hospitalization or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred." (James Decl. Ex. C.) With regard to plaintiff's claim for property damages, USPS requested itemized, signed statements of the costs to repair plaintiff's car, or, if the vehicle could not be repaired, statements as to the car's original cost, the date of purchase, and its value, both before and after the accident. (Id.) Plaintiff did not respond to either the April or June requests for additional information, and USPS denied plaintiff's administrative claim by letter dated July 27, 2006 for "failure to submit competent evidence of injury as is required." (James Decl. Ex. D.)

Plaintiff's insurance company, New York Central Mutual, filed its own administrative claim with USPS in February of 2006. (James Decl. ¶¶ 3-4; Defs.' Mem. Law 2.) New York Central Mutual requested reimbursement for the $15,376.30 in

accident-related expenses it paid Tamares pursuant to New York's no-fault insurance law. (James Decl. ¶ 3.) The insurance company submitted documentation of these expenses in the form of medical bills and invoices, and USPS settled the claim for $13,069.86 in June of 2006. (See James Decl. Ex. A; Defs.' Mem. Law 3.)

On January 29, 2007, plaintiff commenced this action against defendants pursuant to the FTCA. (Compl. ¶ 1.) Plaintiff alleges that defendants' negligence, carelessness, and recklessness caused her to sustain serious personal injuries, economic loss, and loss of her vehicle. (Id. ¶¶ 14-19.) On September 14, 2007, defendants filed this motion to dismiss for lack of subject matter jurisdiction.

## DISCUSSION

In their Rule 12(b)(1) motion to dismiss, defendants contend that this Court lacks subject matter jurisdiction because Tamares did not exhaust her administrative remedies as she failed to submit an adequate claim to USPS. (Defs.' Mem. Law 1.) In opposition, plaintiff argues that her SF 95, in conjunction with New York Central Mutual's submission, satisfies the FTCA's requirements for an administrative claim. (Ciacci Decl. ¶ 6.) For the reasons stated below, the Court finds that plaintiff's SF 95 contained insufficient information to allow USPS to satisfactorily investigate the strength and worth of her claim. The Court also rejects plaintiff's argument that her deficient submission can be remedied by relying on the documentation submitted by New York Central Mutual.

## I. Sovereign Immunity and the Federal Tort Claims Act

The United States is entitled to sovereign immunity from suit, and therefore courts only have jurisdiction where the Government explicitly waives that immunity. See

3

Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing United States v. Mitchell, 445 U.S. 535, 538 (1980)).  Congress created a limited waiver of immunity as to tort claims against the United States when it enacted the FTCA. See 28 U.S.C. §§ 1346(b), 2671-80; Wilson v. United States, 959 F.2d 12, 14 (2d Cir. 1992).  Pursuant to the FTCA, a claimant can assert a cause of action for personal injury or property damages that was "caused by the negligent or wrongful act or omission" of Government employees acting within the scope of their office. 28 U.S.C. § 1346(b)(1).

Before bringing suit in federal court, however, a claimant must exhaust the available administrative remedies. See McNeil v. United States, 508 U.S. 106, 113 (1993); Keene Corp. v. United States, 700 F.2d 836, 841 (2d Cir. 1983).  Specifically, a claimant must present a claim to the appropriate federal agency and the agency must deny that claim in writing. See 28 U.S.C. § 2675(a).  The burden is on plaintiff to plead and prove compliance with the FTCA's statutory requirements in order for a district court to have subject matter jurisdiction over the claim. In re Agent Orange Prod. Liab. Litig., 818 F.2d 210, 214 (2d Cir. 1987); see also Keene Corp., 700 F.2d at 841 (stating that claimants must strictly adhere to the procedures set forth in 28 U.S.C. § 2675).  In resolving a motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1), a district court can refer to evidence outside the pleadings, including affidavits. Makarova, 201 F.3d at 113.

In the present case, since it is undisputed that USPS denied plaintiff's administrative claim in writing (James Decl. Ex. D), the only issue before this Court is whether plaintiff satisfied the presentment requirement of 28 U.S.C. § 2675(a).

4

## II. Adequacy of Plaintiff's SF 95

Plaintiff argues that she satisfied the FTCA's presentment requirement when she filed an administrative claim with USPS in February of 2006. (Ciaccia Decl. ¶ 3.) The Second Circuit has held that a claim must provide the agency with enough information to conduct an investigation and to estimate the claim's worth. Romulus v. United States, 160 F.3d 131, 132 (2d Cir. 1998), aff'g 983 F. Supp. 336, 340 (E.D.N.Y. 1997) (finding that "a claim is properly presented pursuant to § 2675(a) when the claimant files (1) a written notice of claim that sufficiently describes the injury so that the agency can investigate and ascertain the strength of a claim, and (2) a sum certain damages claim" (internal citations omitted)); see Keene Corp., 700 F.2d at 842 (explaining that notice of a claim satisfies the purposes behind § 2675 if it provides sufficient information to permit an investigation and to estimate the claim's worth). Accordingly, although the SF 95 is designed to facilitate proper claim submissions to federal agencies, "the mere act of filing a SF 95 does not necessarily fulfill the presentment requirement of § 2675(a)." Romulus, 160 F.3d at 132. "A claimant must provide more than conclusory statements which afford the agency involved no reasonable opportunity to investigate." Id.; see also Johnson v. United States, 788 F.2d 845, 848-49 (2d Cir. 1986) ("[A] claim [must] be specific enough to serve the purposes intended by Congress in enacting § 2675(a) -- to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." (internal quotation marks and citation omitted)).

Courts in this District routinely find that a plaintiff's notice of claim does not satisfy the presentment requirement where, as here, the alleged injuries were

insufficiently detailed, the damages were poorly documented, and the agency's requests

for additional information went unfulfilled. See, e.g., Davis v. United States, No. 05 Civ.

9304, 2008 U.S. Dist. LEXIS 7888, at *10-12 (S.D.N.Y. Feb. 4, 2008) (dismissing

plaintiff's claims for lack of subject matter jurisdiction where plaintiff authorized the

release of his medical records but did not provide the itemized medical bills, detailed

doctor reports, and employer statements that the agency requested); O'Connor v. United

States, No. 99 Civ. 0117, 2000 U.S. Dist. LEXIS 4591, at *7-8 (S.D.N.Y. Apr. 11, 2000)

(finding that plaintiffs failed to comply with the requirements of 28 U.S.C. § 2675(a)

where plaintiffs did not answer the agency's three requests for additional information to

substantiate their SF 95 forms); Romulus, 983 F. Supp. at 342 ("Permitting a plaintiff to

maintain an action after submitting a conclusory form that provided no information,

especially where, as here, the plaintiffs failed to reply to requests for information that was

solely within their possession would eviscerate the statute's purpose."); Sorge v. United

States, No. 95 Civ. 5325, 1997 U.S. Dist. LEXIS 14825, at *6-8 (S.D.N.Y. Sept. 26,

1997) (granting Government's motion to dismiss where plaintiff's form only provided a

vague description of injuries and plaintiff only submitted medical records authorizations

in response to the agency's requests for documentation).

As detailed in the background information above, Tamares's SF 95 described the

nature of her accident, claimed injury to her person and vehicle, and made a sum certain

damages claim in the amount of $257,500. (James Suppl. Decl. 1.) However, Tamares's

claim for damages was wholly unsubstantiated. Plaintiff did not provide the agency with

any evidence to support her property damage claim, such as the value of her car or the

costs to repair her car. Similarly, she did not submit hospital or doctor bills, evidence of

6

a medical examination, statements regarding the nature and extent of treatment received, an evaluation of whether her injuries were temporary or permanent, or evidence of expected expenses for future treatment or diminished earning capacity, in support of her personal injury claim. In other words, despite two written requests from USPS, plaintiff claimed $257,500 in damages without providing USPS with any documentation as evidence of those damages. Cf. 28 C.F.R. § 14.4(b)-(c) (listing the type of documentation an agency may require a claimant to submit in support of an administrative claim for personal injury and property damage); see also Davis, 2008 U.S. Dist. LEXIS 7888, at *10 (explaining that because 28 C.F.R. § 14.4(b) states that personal injury claimants may be required to submit additional information, the agency's "requests for supplemental information, including itemized bills, detailed doctor's reports, and employer statements, were justified and likely necessary for proper investigation of the claim"). Faced with an insufficiently detailed claim form and a claimant who refused to submit supporting evidence, it was impossible for USPS to investigate and place a meaningful value on Tamares's asserted claims. Accordingly, this Court finds that Tamares failed to exhaust her administrative remedies through proper presentment of her claim to USPS.

## III. **Plaintiff's Reliance on Materials Submitted by New York Central Mutual**

Plaintiff argues that, even if her own submission provided insufficient information for USPS to evaluate her claim, her SF 95 was adequately supplemented by the materials submitted by her insurance company in conjunction with its own claim. (Ciacci Decl. ¶ 6.) The burden, however, is on the claimant to provide the agency with sufficient information regarding the nature and merits of her claim. Keene Corp., 700 F.2d at 842

(citing Kantor v. Kahn, 463 F. Supp. 1160, 1163 (S.D.N.Y. 1979)). Moreover, a
plaintiff's burden is not relieved simply because the agency received relevant materials
from a separate claimant for a separate claim, even if the two claims arose out of the
same event. See Rodriguez v. United States, No. 02 Civ. 6947, 2003 U.S. Dist. LEXIS
14241, at *5 (S.D.N.Y. Aug. 14, 2003) (dismissing wife's loss of consortium claim where
only her husband submitted a SF 95 and noting "[i]t is well settled that [the spouse] . . . is
also required to file a separate administrative claim with the USPS before bringing a
lawsuit against the United States"); Isahack v. United States, No. 00 Civ. 9656, 2001 U.S.
Dist. LEXIS 18739, at *9-10 (S.D.N.Y. Nov. 13, 2001) (holding that where plaintiff's
SF 95 did not specifically include her husband's loss of consortium claim, his claim was
barred since it was never properly presented); Rispoli v. United States, 576 F. Supp.
1398, 1403 (E.D.N.Y. 1983) (explaining that while wife's claim for loss of services was
directly related to her husband's claim, it was "a separate and independent claim" that
needed to be "clearly delineated"), aff'd, 779 F.2d 35 (2d Cir. 1985); see also 28 C.F.R. §
14.3(a)-(b) (FTCA claims for personal injury or property damage may be presented only
by the individual claimant, the claimant's duly authorized agent, or the claimant's legal
representative); Hodder v. United States, 328 F. Supp. 2d 335, 359 (E.D.N.Y. 2004) ("[I]f
there are multiple claimants in the matter, each claimant must individually satisfy the
jurisdictional prerequisite for filing a proper claim, unless another is legally entitled to
assert such a claim on their behalf." (quoting Muth v. United States, 1 F.3d 246, 249 (4th
Cir. 1993)) (internal quotation marks and citation omitted)).

Similarly, a claimant's burden is not met just because the agency would be able to
gather the relevant information itself. See Keene Corp., 700 F.2d at 842 (holding that

8

plaintiff's notice was not sufficient to enable the Government to evaluate its potential exposure where the notice did no more than "create an opportunity for the Government to sift through the record[s]"); Finelli v. Drug Enforcement Agency, No. 92 Civ. 3463, 1993 U.S. Dist. LEXIS 1989, *11 (S.D.N.Y. Feb. 24, 1993) (Leisure, J.) (rejecting claimant's argument that the agency could have obtained relevant information by requesting a copy of the complaint in a pending civil action since "there is no affirmative duty on the agency to search for this requisite information"); Kantor, 463 F. Supp. at 1163 (explaining that "[i]f the claim form is to achieve the intended purpose of giving the agency a chance to conduct meaningful settlement negotiations prior to litigation, the agency must be given all necessary data[, and] . . . [t]he burden is on the claimant to supply this information."(footnote omitted)).

Tamares did not carry her burden to present USPS with enough information to evaluate her claim, nor did she provide USPS with any indication that New York Central Mutual submitted documentation on her behalf. Cf. Narvaez, 2007 U.S. Dist. LEXIS 4113, at *12 (rejecting plaintiff's contention that he satisfied the presentment requirement by providing the agency with information six months before filing his claim since plaintiff did not reference or incorporate that information in his SF 95 or in response to follow-up requests from the agency). To accept Tamares's argument that the agency should have remembered and incorporated the insurance company's materials into plaintiff's claim would require the Court to endorse the idea that, whenever an administrative claim is filed, the agency must review all other claims ever submitted on the off-chance that relevant information lies therein. Such a burdensome requirement would contradict the aforementioned and well-supported rule that claimants, and not the

9

Government, carry the burden of providing enough information to allow for an investigation into and evaluation of the claim at hand. See Keene Corp., 700 F.2d at 842; Finelli, 1993 U.S. Dist. LEXIS 1989, at *11; Kantor, 463 F. Supp. at 1163.  Plaintiff failed to meet this burden, and she cannot now try to remedy her failure by riding the coattails of her insurance company's submission.

### CONCLUSION

Because plaintiff failed to satisfy the presentment requirements of the FTCA, the United States retains sovereign immunity and this Court does not have subject matter jurisdiction over plaintiff's claim.  Defendants' motion to dismiss is GRANTED.  The Clerk of the Court is directed to close this case.

**SO ORDERED.**

New York, New York
March **16**, 2009

Peter K. Leisure
U.S.D.J.